IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MANOLITO Q. SINKLER and JAMESIA MOBLEY-SINKLER, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:22-CV-00472-SDJ-AGD |
| EVERGREEN VALLEY PRODUCTIONS, LLC and DRUNK DIAL, LLC, | § § § § § | |
| Defendants. | § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the court is Plaintiffs Manolito Q. Sinkler and Jamesia Mobley-Sinkler's (collectively "Plaintiffs") Amended Motion for Default Judgment Against Defendants Evergreen Valley Productions, LLC and Drunk Dial, LLC (collectively "Defendants") (Dkt. #28). After reviewing the Motion and all other relevant filings, the court recommends Plaintiffs' Motion for Default Judgment (Dkt. #28) be **GRANTED IN PART** as set forth herein. A separate order will be entered on the matter of attorneys' fees and costs.

### RELEVANT PROCEDURAL HISTORY

On June 3, 2022, Plaintiffs filed their initial Complaint against Defendants (Dkt. #1), and on three separate occasions, the court ordered Plaintiffs to amend their complaint to include each Defendant's citizenship for jurisdictional purposes.[1] On September 19, 2022, the court ordered Plaintiffs to serve the Third Amended Complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure (Dkt. #15). After filing proof of such service (Dkt. #18; Dkt. #19), and having

---

[1] *See* Order, filed June 8, 2022 (Dkt. # 4); Plaintiffs' First Amended Complaint, filed June 15, 2022 (Dkt. #5); Order, filed July 18, 2022 (Dkt. #10); Plaintiffs' Second Amended Complaint, filed July 21, 2022 (Dkt. #11); Order, filed July 27, 2022 (Dkt. #12); Plaintiffs' Third Amended Complaint, filed August 3, 2022 (Dkt. #13).

REPORT AND RECOMMENDATION—Page 1

received no response from the Defendants, the court ordered Plaintiffs to proceed with default or dismissal as to Defendants (Dkt. #20). On November 7, 2022, Plaintiffs filed their Motion for Clerk's Entry of Default Against Defendants Evergreen Valley Productions, LLC and Drunk Dial, LLC and accompanying declarations (Dkt. #22), and the Deputy Clerk entered Defendants' default on November 8, 2022 (Dkt. #23). The court ordered Plaintiffs again to proceed with a default or a dismissal no later than December 30, 2022 (Dkt. #25). On December 29, 2022, Plaintiffs filed a Motion for Default Judgment Against Defendants Evergreen Valley Productions, LLC and Drunk Dial, LLC (Dkt. #26). On February 14, 2023, the court ordered Plaintiffs to serve the Motion for Default Judgment Against Defendants Evergreen Valley Productions, LLC and Drunk Dial, LLC on Defendants and file notice of such service and any return receipts with the court (Dkt. #27). Two days later, Plaintiffs filed the Amended Motion for Default Judgment Against Defendants Evergreen Valley Productions, LLC and Drunk Dial, LLC ("Amended Motion for Default Judgment") (Dkt. #28)—the live pleading. To date, neither Defendant Evergreen Valley Productions, LLC nor Defendant Drunk Dial, LLC has made an appearance in this action, answered, or otherwise filed a responsive pleading.

## BACKGROUND

Plaintiffs' Third Amended Complaint alleges that Daryll Scott ("Scott"), a film/television producer who is the principal for both Defendants, "contacted [Plaintiffs] to solicit an investment in Drunk Dial's production budget [in the amount] of $5,000,000.00" (Dkt. #13 at ¶ 6). Drunk Dial (the "Film") was a Film that Defendants were pursuing efforts to finance, develop, and produce (Dkt. #13 at ¶ 6). Scott contacted Plaintiffs "with several marketing and solicitation documents" "in an effort to induce their financial commitment" (Dkt. #13 at ¶ 7). Defendants made multiple representations to Plaintiffs prior to and after Plaintiffs' capital investment (Dkt. #13 ¶¶ 7–9).

Plaintiffs executed a Promissory Note on April 24, 2020 ("Note") with Scott (Dkt. #13 at ¶ 8; Dkt. #13, Exhibit 1). Plaintiffs invested $300,000.00 in the Film with the promise—which is both verbal and memorialized in the Note—that they would receive $360,000.00 in return (Dkt. #13 at ¶ 8; Dkt. #13, Exhibit 1). "To date, Plaintiffs have received no payments of any principal or interest whatsoever per the terms of the Note" (Dkt. #13 at ¶ 10).

Having received no response from Defendants, Plaintiffs filed their Motion for Clerk's Entry of Default Against Defendants Evergreen Valley Productions, LLC and Drunk Dial, LLC ("Request for Default") (Dkt. #22) on November 7, 2022. The Request for Clerk's Entry of Default states that Defendants are in default; no extension has been granted or any such extension has expired; Defendants are entities and therefore are not minors, incompetent persons, or in the military; and damages are able to be ascertained based on the evidence provided (Dkt. #22 at p. 1; Dkt. #24 at p. 1). Plaintiffs also attached signed declarations averring the sum certain due under the Note as well as attorneys' fees and costs, pursuant to Rule 55 of the Federal Rules of Civil Procedure (Dkt. #22, Exhibits A and B). The Clerk's entry of default was entered on November 8, 2022 (Dkt. #23).

On December 29, 2022, Plaintiffs filed their Motion for Default Judgment Against the Defendants (Dkt. #26). On February 16, 2023, Plaintiffs filed their Amended Motion for Default Judgment Against Defendants (Dkt. #28). Plaintiffs' Amended Motion for Default Judgment states that they served Defendant Drunk Dial, LLC with the Third Amended Complaint on September 22, 2022, and Defendant Evergreen Valley Productions, LLC on September 28, 2022 (Dkt. #28 at p. 2). Plaintiffs filed Proof of Service for each Defendant (Dkt. #18; Dkt. #19). Plaintiffs' Amended Motion for Default Judgment Against Defendants requests $29,698.07 in reasonable and necessary attorneys' fees, costs and expenses, (Dkt. #28 at p. 5), and they refer to Plaintiffs' Motion

for Clerk's Entry of Default Against Defendants (Dkt. #22 at Exhibit A), as support for their assertions.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions upon which default may be entered against a party, as well as the procedure to seek entry of a default judgment. *See* FED. R. CIV. P. 55. Securing a default judgment involves a three-step procedure: (1) the defendant's default; (2) the entry of default; and (3) the entry of default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A "default" occurs when the defendant does not plead or otherwise respond to the complaint. *Id.* An "entry of default" is the notation the clerk makes after the default is established by affidavit. *Id.* Here, because Defendants have failed to properly answer or otherwise appear (Dkt. #22 at p. 2), and Plaintiffs have obtained an entry of default from the Clerk (Dkt. #23), the first two requirements for a default judgment have been met. As such, the only remaining issue for the court to determine is whether a default judgment is warranted.

Entry of default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998); *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977); *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004); FED. R. CIV. P. 55(b). "In determining whether to enter a default judgment against a defendant, Courts in the Fifth Circuit utilize a three-part analysis: 1) whether the entry of default judgment is procedurally warranted, 2) whether a sufficient basis in the pleadings based on the substantive merits for judgment exists, and 3) what form of relief if any, a plaintiff should receive." (*Graham v. Coconut LLC*, No. 4:16-CV-606, 2017 WL 2600318, at *1 (E.D. Tex. June 15, 2017) (citing *Lindsey*, 161 F.3d at 893). "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus

established." *Nishimatsu Constr. Co. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citing *Ohio Cent. R.R. Co. v. Cent. Tr. Co. of N.Y., 1889*, 133 U.S. 83 (1890)). On the other hand, "a defendant's default does not concede the truth of allegations of the complaint concerning damages." *Graham*, 2017 WL 2600318, at *1 (citing *Jackson v. Fie Corp.*, 302 F.3d 151, 524–25 (5th Cir.2002)). Having reviewed the record, the court finds that entry of a default judgment is warranted, as set forth herein.

## ANALYSIS

### *Default Judgment Is Procedurally Warranted*

Before granting a default judgment, "[t]he Court must first determine whether a default judgment is procedurally warranted," which involves six factors:

> [1] whether material issues of fact exist; [2] whether there has been substantial prejudice; [3] whether the grounds for default are clearly established; [4] whether the default was caused by good faith mistake or excusable neglect; [5] the harshness of the default judgment; and [6] whether the court would think itself obligated to set aside the default on the defendant's motion.

*Graham*, 2017 WL 2600318, at *2 (citing *Lindsey*, 161 F.3d at 893).

In weighing the six factors above, the factors favor granting default judgment against Defendants. First, there are no issues of material fact in the present action. *See id.* ("[W]hen a defendant defaults, he admits to the plaintiff's well-pleaded allegations of fact.") (citing *Nishimatsu*, 515 F.2d at 1206). Second, Plaintiffs have been substantially prejudiced in the present action through Defendants' failure to appear or file a responsive pleading to Plaintiffs' Third Amended Complaint (Dkt. #13), and Defendants have not responded to Plaintiffs' Amended Motion for Default Judgment (Dkt. #28), which was filed with the court on February 16, 2023. *See id.* (citing *Lindsey*, 161 F.3d at 893). Third, such unresponsiveness on the part of Defendants clearly establishes a default and renders default judgment an appropriate remedy. *See id.* (quoting *Holladay v. OTA Training, LLC*, 3:14-CV-0519-B, 2015 WL 5916440, at *4 (N.D. Tex. Oct. 8,

REPORT AND RECOMMENDATION—Page 5

2015) (stating that when a party's failure to respond is "plainly willful, as reflected by [the party's] failure to respond either to the summons and complaint, the entry of default, or the motion for default," default judgment is appropriate); *see also Am. Heritage Life Ins. Co. v. Mitchell*, No. 6:15-CV-95, 2016 WL 3883029, at *3 (E.D. Tex. May 24, 2016) (observing that a "failure to file any responsive pleading or motion mitigates the harshness of a default judgment"), *report and recommendation adopted*, No. 6:15-CV-950MHS-JDL, 2016 WL 3855257 (E.D. Tex. July 15, 2016). Fourth, nothing in the court's record shows that Defendants' failure to respond is due to a good faith mistake or excusable neglect. *See Lindsey*, 161 F.3d at 893. Fifth, the harshness of the default judgment is not unwarranted since Plaintiffs seek damages to which they are entitled pursuant to the Note and Chapter 38 of the Texas Civil Practice and Remedies Code (Dkt. #13 at ¶ 17–19). *See Holladay*, 2015 WL 5916440, at *5. And sixth, there does not appear to be any basis upon which the court would be obligated to set aside the default.

### Sufficient Basis in the Pleadings to Enter Default Judgment

Where, as here, a default has been entered under Rule 55, "the factual allegations of the complaint are taken as true." *Liquid Capital of Am. Corp. v. Effective Bus. Sols. Inc.*, No. 3:18-CV-3102-S-BH, 2020 WL 2950412, at *4 (N.D. Tex. Mar. 30, 2020) (citing *Pathway Senior Living LLC v. Pathways Senior Living LLC*, No. 3:15-CV-02607-M, 2016 WL 1059536, at *2 (N.D. Tex. Mar. 17, 2016)), *report and recommendation adopted*, No. 3:18-CV-3102-S-BH, 2020 WL 2926471 (N.D. Tex. June 2, 2020). "However, '[t]here must [still] be a sufficient basis in the pleadings for the judgment entered.'" *Sanchez v. Maddies Mayhem, LLC*, 2020 WL 4808604, at *4 (E.D. Tex. July 27, 2020) (citing *Nishimatsu*, 515 F.2d at 1206); *see Graham*, 2017 WL 2600318, at *1. Only well-pleaded facts, not conclusions of law, are presumed to be true.

*Nishimatsu*, 515 F.2d at 1206.[2] After reviewing Plaintiffs' Third Amended Complaint, (Dkt. #13), Plaintiffs' Request for Default (Dkt. #22), Plaintiffs' Affidavit in Support of Clerk's Entry of Default (Dkt. #24), and Plaintiffs' Amended Motion for Default Judgment (Dkt. #28), the court finds that Plaintiffs have pleaded a sufficient basis to award default judgment on the breach of contract claim.

### *Breach of Contract*

To succeed on a breach of contract claim under Texas law, a plaintiff must show: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Conn Credit I, L.P. v. TF LoanCo III, L.L.C.*, 903 F.3d 493, 499–500 (5th Cir. 2018) (quoting *Smith Intern., Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007)). Plaintiffs and Defendants entered into a valid contract on April 24, 2020, by and through the execution of the Note (Dkt. #13, Exhibit 1). Plaintiffs' live pleading avers: "Per the terms of the Note, [Plaintiffs] made a 'first money' loan to [Defendants] in the amount of $300,000" (Dkt. #13 at ¶ 8). In return, "Defendants agreed to repay [Plaintiffs] $360,000 (representing principal plus interest) (i) within five (5) business days following commencement of the [Film], or (ii) April 24, 2022" (Dkt. #13 at ¶ 8).[3]

---

[2] In determining whether there is a sufficient basis in the pleadings for judgment, the Fifth Circuit "draw[s] meaning from the case law on Rule 8." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," but "detailed factual allegations" are not required. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This low threshold is less rigorous than that under Rule 12(b)(6), however; recognizing that "a defendant ordinarily must invoke Rule 12 in order to avail itself of that Rule's protections, [and] a default is the product of a defendant's inaction," the Fifth Circuit has "decline[d] to import Rule 12 standards into the default-judgment context." *Id.* at n.3

[3] "Maturity. The unpaid principal balance and all accrued but unpaid interest under this Note shall be due and payable (i) within five (5) business days following the commencement of principal photography of the [Film], or (ii) two years from the date of this Note, whichever date is sooner (the "**Maturity Date**"). For the avoidance of doubt, [Defendants] shall repay [Plaintiffs] $360,000 under the terms of this Note no later than two years from the date of this Note" (Dkt. #13 at Exhibit 1, ¶3). The Note was executed on April 24, 2020 (Dkt. #13, Exhibit 1 at p. 4).

REPORT AND RECOMMENDATION—Page 7

The Note is signed by Scott, principal for each Defendant, and both Plaintiffs (Dkt. #13, Exhibit 1 at p. 4). Plaintiffs have sufficiently shown the existence of a valid contract.

As to performance and breach, Plaintiffs provided a copy of their cashier's check made payable to Evergreen Valley Productions, LLC and Drunk Dial, LLC in the amount of $300,000.00 (Dkt. #13, Exhibit1 at p. 5). Plaintiffs claim they "performed their duties under the Note by, without limitation, extending funds to Defendants" (Dkt. #13 at ¶ 12). To date, Plaintiffs have received no funds in return from Defendants: "[Plaintiffs] requested from [Defendants] a detailed accounting record of expenses that had actually been paid relative to the [Film]. . . . The Note matured on April 24, 2022. To date, Plaintiffs have received no payments of any principal or interest whatsoever per the terms of the Note" (Dkt. #13 at ¶¶ 9–10). Accordingly, Plaintiffs have established their performance and Defendants' breach of the obligations on the Note.

Finally, Plaintiffs allege that they have been harmed by Defendants' breach of the Note, specifically alleging contract damages from Defendants in the amount of $389,698.07 (Dkt. #28 at p. 5). Plaintiffs calculate the breach by adding the $360,000.00 guaranteed under the Note with reasonable and necessary attorneys' fees in the amount of $28,029.50 and reasonable and necessary court costs and fees in the amount of $1,668.57 (Dkt. #22, Exhibit 1 at ¶¶ 4, 9). Plaintiffs have shown each of the four requisite elements to establish breach of contract have been met; thus, a sufficient basis in the pleadings exists to enter a default judgment. *See Aguacates Seleccionados JBR USA, LLC v. Bucks Fresh Produce, LLC*, No. 7:19-CV-338, 2020 WL 4883898, at *5 (S.D. Tex. Aug. 20, 2020) (finding the plaintiff is entitled to a default judgment on its breach of contract claim); *Bank of N.Y. Mellon v. Century Loan Servicing, LLC*, No. 4:17-CV-00646-ALM-CAN, 2019 WL 4728335, at *6 (E.D. Tex. July 18, 2019) (concluding the plaintiff set forth a sufficient

basis in its pleading for each element of a breach of contract claim), *report and recommendation adopted*, No. 4:17-CV-646, 2019 WL 4722480 (E.D. Tex. Sept. 26, 2019).

***Damages***

Because there is a sufficient basis in the pleadings for default judgment, the court must next look to the issue of damages regarding the Note. Plaintiffs have supplied the court with factual allegations supported by evidentiary documentation to show that they have suffered damages due to Defendants' breach. To reiterate, Plaintiffs seek a default judgment in the amount of $360,000.00 for breach of contract and $29,698.07 for attorneys' fees and costs (Dkt. #28 at p. 5).

### *Contract Damages (Actual and Compensatory)*

For unliquidated damages, "[t]estimony of the total amount due under a written instrument is legally sufficient to support an award of that amount in a default judgment proceeding." *Tex. Com. Bank v. New*, 3 S.W.3d 515, 517 (Tex. 1999). This testimony can be in the form of affidavit, which is probative evidence of damages and is not hearsay. *Sherman Acquisition II LP v. Garcia*, 229 S.W.3d 802, 811 (Tex. App.—Waco 2007, no pet.) ("[A] trial court may rely on affidavits in proving unliquidated damages in default judgments; in fact it is error to not consider the affidavits."). An affidavit from the moving party can satisfy this requirement. *See Bargainer v. Saddlebrook Apartments*, 104 S.W.3d 171, 173 (Tex. App.—Waco 2003, no pet.) (citing *Tex. Com. Bank*, 3 S.W.3d at 516) ("The pleadings and affidavits filed by [Defendant] constitute a record upon which the court may base a default judgment."); *InsureSuite, Inc. v. MJS Mktg., L.P.*, No. 03-05-00822-CV, 2006 WL 2080684, at *5 (Tex. App.—Austin July 28, 2006, no pet.) (finding affidavit from managing partner of moving party was probative evidence as to damages).

Plaintiffs seek $360,000.00 in actual damages on the breach of contract claim (Dkt. #28 at p. 5). In support of such claim, Plaintiffs submitted the signed and sworn declaration of Plaintiff

Manolito Q. Sinkler ("M. Sinkler") (Dkt. #22, Exhibit B). Plaintiff M. Sinkler stated in his declaration that he and his spouse, Plaintiff Jamesia Mobley-Sinkler, entered into a contract by and through the Note and paid Defendants $300,000.00 as contemplated by the terms of the agreement (Dkt. #22, Exhibit 2 at pp. 1–2). Plaintiff M. Sinkler included a true and correct copy of the Note and the Cashier's Check (Dkt. #22, Exhibit B-1 and B-2). Plaintiff M. Sinkler declares that Defendants failed to uphold their end of the bargain by failing to remit to Plaintiffs "payments of any principal or interest whatsoever per the terms of the Note" (Dkt. #22, Exhibit B at ¶ 7). The attached records, including the Note and Cashier's Check, support Plaintiff M. Sinkler's assertions (Dkt. #22, Exhibit B). The court, therefore, finds Plaintiffs are entitled to $360,000.00 in actual damages. *See Nicholson v. RaceFab, Inc.*, No. 6:17cv548, 2019 WL 642752, at *2 (E.D. Tex. Jan. 8, 2019), *report and recommendation adopted sub nom. Nicholson v. RaceFab*, 6:17-CV-548-JDK-KNM, 2019 WL 951172 (E.D. Tex. Feb. 26, 2019) ("The well-pled facts establish Plaintiff's claim for breach of contract and Plaintiff's entitlement to the requested actual damages."). Plaintiffs, however, have not provided sufficient evidence to prove attorneys' fees and costs (Dkt. #22, Exhibit A at pp. 2–4). Although counsel for Plaintiffs included an affidavit concerning attorneys' fees and costs, there are no billing records or receipts attached to the affidavit. As such, if the District Court adopts this court's recommendations, this court will enter a scheduling order concerning the matter of attorneys' fees and costs.

### *Pre-Judgment Interest*

The Fifth Circuit has determined that "[p]rejudgment interest is compensation allowed by law as additional damages for lost use of the money due as damages during the lapse of time between the accrual of the claim and the date of *judgment*." *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 613 (5th Cir. 2000) (citing *Johnson & Higgins of Tex. Inc. v. Kenneco Energy,*

*Inc.*, 962 S.W.2d 507 (Tex.1998) (emphasis in original). An award of pre-judgment interest is permitted under Texas law by and through: "(1) general principle of equity, and (2) an enabling statute." *See id.*; *see also Ams Sensors USA Inc. v. Renesas Electronics Am. Inc.* No. 4:08-cv-00451, 2022 WL 672691, at *4 (E.D. Tex. Mar. 7, 2022). "'Statutory prejudgment interest applies only to judgments in wrongful death, personal injury, property damage, and condemnation cases. . . . [P]rejudgment interest in this case is governed by Texas common law.'" *Balfour Beatty Rail, Inc. v. Kansas City S. Ry Co.*, 173 F. Supp. 3d 363, 460 (N.D. Tex. 2016) (quoting *Int'l Turbine Servs. Inc. v. VASP Brazilian Airlines*, 278 F.3d 494, 499 (5th Cir. 2002). Under Texas common law, pre-judgment and post-judgment interest "'accrue at the same rate . . . on damages awarded for breach of contract.'" *Id.* (quoting *Int'l Turbine Servs., Inc.*, 278 F.3d at 500). When the pre-judgment interest rate is not specified by the contract, "prejudgment interest is calculated based on the statutory rate for postjudgment interest provided in section 304.003 of the Texas Finance Code." *Id.*; *see also* TEX. FIN. CODE § 304.003. The postjudgment interest rate is set by the Board of Governors of the Federal Reserve System at "the prime rate as published . . . on the date of computation," but not less than five percent per year and not greater than fifteen percent per year. *See* TEX. FIN. CODE § 304.003. Under the Texas Finance Code, "prejudgment interest accrues on the amount of a judgment during the period beginning on the earlier of the 180th day after the date the defendant receives written notice of a claim or the date the suit is filed." TEX. FIN. CODE § 304.104. Thus, Plaintiffs are entitled to pre-judgment interest which began to accrue

on March 20, 2023, as to Defendant Drunk Dial, LLC and/or on March 29, 2023 as to Defendant Evergreen Valley Productions, LLC[4] (Dkt. #18; Dkt. #19).

### *Post-Judgment Interest*

Under 28 U.S.C. § 1961(a), in diversity cases, "post-judgment interest is calculated at the federal rate." *Can Cap. Asset Servicing, Inc. v. Whitaker Trucking, LLC*, No. 9:19-CV-00071, 2020 WL 4724320, at *4 (E.D. Tex. Feb. 10, 2020), *report and recommendation adopted*, No. 9:19-CV-00071, 2020 WL 2110633 (E.D. Tex. May 4, 2020) (quoting *Boston Old Colony Ins. Co. v. Tiner Assoc., Inc.*, 288 F.3d 222, 234 (5th Cir. 2002) (noting that federal post-judgment interest applies even in diversity cases)). 28 U.S.C. § 1961 provides, in pertinent part, that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court," and that such "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Post-judgment interest is "awarded as a matter of course" and "is not discretionary." *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010). Plaintiffs are therefore entitled to an award of post-judgment interest at the rate published for the week ending prior to the date of judgment until the date paid.

Upon review of Plaintiffs' Amended Motion for Default Judgment (Dkt. #28), and other relevant filings, and the documentation submitted in support of the total award sought, the court finds plaintiff should be awarded a total of $360,000.00 in actual damages, and recommends

---

[4] Defendant Evergreen Valley Productions, LLC, who is a citizen of California, was served via certified mail (No. 7018 3090 0000 6239 4613) by Leanna Yanes Cruz, a registered California process server, Registration No. 1803 (Dkt. #19). "[I]n California, mail service 'is complete at the time the document is deposited in the mail,' and 'the sender does not have the burden of showing the notice was actually received by the addressee.'" *AO Alfa-Bank v. Yakovlev* (2018) 21 Cal.App.5th 189, 230 Cal.Rptr3d 214 at n. 22 (quoting *Sharp v. Union Pac. R.R. Co.* (1992) 8 Cal.App.4th 357, 360, 9 Cal.Rptr.2d 925; *see* CAL. CODE CIV. P. § 1013, subd. (a).

REPORT AND RECOMMENDATION—Page 12

Plaintiffs be awarded this amount as judgment for Defendant Evergreen Valley Productions, LLC's and Defendant Drunk Dial, LLC's breach of contract as discussed herein. The court further recommends Plaintiffs be awarded pre- and post-judgment interest at the prevailing federal rate. Finally, the court will consider the matter of attorneys' fees and costs at a later date.

## CONCLUSION AND RECOMMENDATION

The court recommends Plaintiffs Manolito Q. Sinkler and Jamesia Mobley-Sinkler's Amended Motion for Default Judgment against Defendants Evergreen Valley Productions, LLC and Drunk Dial, LLC (Dkt. #28) be **GRANTED IN PART** as set forth herein. Default judgment should be **GRANTED** as to Plaintiffs' claim for breach of contract as to both Defendants. Plaintiffs should be awarded a default judgment as to its breach of contract claim against Defendants in the amount of $360,000.00 in contract damages, in addition to pre-judgment and post-judgment interest. Plaintiff's request for attorneys' fees and costs will be considered at a later date.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 13th day of September, 2023.**

*[signature]*
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE